FILED
2025 Aug-08  PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANAM KAZANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-695-GMB |
| | ) | |
| EDUPASSION, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants EduPassion, LLC and Sultan S. Jan removed this action from the Circuit Court of Shelby County, Alabama. Doc. 1. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a United States Magistrate Judge. Doc. 16. Before the court is Plaintiff Anam Kazani's Motion to Remand. Doc. 8. The motion is fully briefed (Docs. 8, 13 & 15, 18, 19 & 20) and ripe for decision. For the following reasons, the motion is due to be denied.

## I. PROCEDURAL HISTORY

Kazani filed a complaint against EduPassion and Jan in the Circuit Court of Shelby County. Doc. 1-1 at 2–16. The complaint alleges that Kazani is a "resident of Shelby County, Alabama"; Jan is a "resident of Pinellas County, Florida"; and EduPassion is an "Alabama limited liability company which formerly operated businesses in Shelby County, Alabama and Jefferson County, Alabama." Doc. 1-1

at 4.  Kazani brings claims for breach of contract, breach of fiduciary duty, fraudulent misrepresentation, and declaratory judgment. Doc. 1-1 at 9–15.

EduPassion and Jan removed the complaint to this court and asserted diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1.  The notice of removal alleged that "Kazani is an Alabama citizen" and Jan "is a Florida citizen." Doc. 1 at 2.  But the notice made contradictory statements about the citizenship of EduPassion.  First, the notice stated that "EduPassion is an Alabama limited liability company" and its "sole member is Mr. Jan, who is a Florida citizen." Doc. 1 at 2.  The notice concluded that "EduPassion is a citizen of Alabama" and cited 28 U.S.C. § 1331(c)(1).[1] Doc. 1 at 2.  It also relied on *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017), for the proposition that "an LLC is a citizen of every state where a member is a citizen." Doc. 1 at 2.  Elsewhere, however, the notice of removal stated that "Jan is an individual citizen of Florida, and EduPassion is a Florida citizen because its sole member, Mr. Jan, is a citizen of Florida." Doc. 1 at 4.

Kazani responded to the removal with a motion to remand. Doc. 8.  She argued that EduPassion is an Alabama citizen such that complete diversity of citizenship does not exist and the removal violated the forum defendant rule. Doc. 8 at 4–7.  In response, Jan and EduPassion filed an Amended Notice of Removal and a response

---

[1] Section 1332(c)(1) pertains to the citizenship of a corporation, not the citizenship of limited liability corporations.

to the motion to remand. Docs. 12 & 13.  In the response, Jan and EduPassion noted the "confusion . . . from two typographical errors in the Notice of Removal." Doc. 13 at 2.  The Amended Notice of Removal[2] corrected these errors by omitting any reference to § 1332(c)(1) and stating that EduPassion is a citizen of Florida because Jan, its only member, is a citizen of Florida. Doc. 12 at 2.

Kazani filed a reply addressing the Amended Notice of Remand and making new arguments in favor of remand. Doc. 15.  The court permitted EduPassion and Jan to file a surreply to address these new arguments and also permitted Kazani to file a response to the surreply. Doc. 21; *see also First Spec. Ins. Corp. v. 633 Partners, Ltd*., 300 F. App'x 777, 788 (11th Cir. 2008) ("A district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'") (quoting *Fedrick v. Mercedes–*

---

[2] EduPassion and Jan did not need leave of court to file the Amended Notice of Removal.  "The case law is clear that a Notice of Removal may be amended freely only within the statutory period of thirty days from service of the complaint." *Diebel v. S.B. Trucking Co*., 262 F. Supp. 2d 1319, 1331 n.52 (M.D. Fla. 2003) (citing *Denton v. Wal–Mart Stores, Inc*., 733 F. Supp. 340, 341 (M.D. Fla.1990)); *see also Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1347 (M.D. Ala. 2000) ("The court observes that the notice of removal required by section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal."); *Winters Gov't Sec. Corp. v. Cedar Point St. Bank*, 446 F. Supp. 1123, 1127 (S.D. Fla. 1978) ("Assuming that a petition for removal is properly filed, it may be amended freely within the statutory period of thirty days from service of the complaint.").  Here, the Amended Notice of Removal fell within the 30-day period. *See* Doc. 1 at 4; Doc. 1-1 at 62–63.  Kazani does not contest its filing.

3

*Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).

## II. ALLEGATIONS IN THE COMPLAINT

EduPassion is "a single membership domestic limited liability company founded and operated by Jan." Doc 1-1 at 5. EduPassion franchised and operated three Sylvan Learning Centers in Alabama—one each in the cities of Hoover, Chelsea, and Trussville. Doc. 1-1 at 6.

Kazani entered into a "membership purchase agreement" with EduPassion. Doc. 1-1 at 5, 18–19. The agreement provided that Kazani would receive "a 49% membership interest in EduPassion" in exchange for multiple payments totaling $187,500. Doc. 1-1 at 5–6. Under the agreement, "it was the understanding of Kazani and Jan, as managing member of EduPassion, LLC, that the purchase price would be used as an investment in the operations of EduPassion." Doc. 1-1 at 5. Kazani alleges that she kept up her end of the deal and paid Jan $147,500, with the remaining balance "exchanged in the form of wages withheld by EduPassion LLC for work performed by Kazani."[3] Doc. 1-1 at 5–6.

"Shortly after purchasing the interests, Kazani and Jan corresponded with Sylvan Learning Centers, LLC for the approval of Kazani as a Sylvan franchisee."

---

[3] Kazani worked at the Sylvan Learning Centers and "was responsible for employee training, onside operations, support, management, and supervision, among other responsibilities." Doc. 1-1 at 7.

Doc. 1-1 at 7.  Sylvan approved Kazani as a franchisee of the three Sylvan locations. Doc. 1-1 at 7.  But before "the formalization of the franchisee agreement," Jan needed to "amend the articles of organization with the Secretary of State of Alabama to reflect that Kazani was now a member of EduPassion." Doc. 1-1 at 7.  "Jan refused to amend said articles and Kazani was never able to execute the franchise agreement." Doc. 1-1 at 7.

Kazani continued to request "that Jan execute an assignment of the transferrable interest, or amend the articles of organization with the Secretary of State of Alabama to reflect Kazani's membership in EduPassion, add Kazani as an authorized signer to the EduPassion Checking account, . . . and provide her Schedule K-1 so that she could write off the reported business losses." Doc. 1-1 at 8.  But "Jan repeatedly refused" her requests and continued to report "himself to be the only member of EduPassion and utiliz[e] all tax and credit benefits." Doc. 1-1 at 8.

Eventually, Kazani told Jan "that she did not intend to continue operating the Hoover Location and Trussville Location unless her membership interest was recognized and she was listed as an authorized signer on the" checking account.[4] Doc. 1-1 at 8.  Jan responded that he planned to close the Hoover and Trussville locations and to terminate the existing franchise agreement with Sylvan Leaning

---

[4] The Chelsea location had already closed. Doc. 1-1 at 8.

Centers. Doc. 1-1 at 8–9.  "Jan represented to Kazani that the closure of the Hoover Location and Trussville Location, the termination of the leases at said businesses, and the termination of said franchise agreement required a limited liability company resolution of EduPassion signed by Kazani." Doc. 1-1 at 9.

Kazani initially refused to sign the resolution. Doc. 1-1 at 9.  Jan told Kazani that he would "provide her with the previously requested documentation concerning the tax forms, bank accounts, and other documents establishing her membership interest in EduPassion" if she signed the resolution. Doc. 1-1 at 9.  Then, Jan's family members went to Kazani's home and "demanded Kazani sign the Limited Liability Company Resolution transferring her membership interest to Jan for $1.00." Doc. 1-1 at 9.  After Kazani "relented," she "received part of said promised documentation, which showed that she had never been formally recognized as a member of EduPassion and that Jan had represented to the Internal Revenue Service, the Secretary of State of Alabama, and other parties that he was the only member of EduPassion." Doc. 1-1 at 9.

### III.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Accordingly, this court is "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the

Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). When the parties disagree on the court's jurisdiction, doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns*, 31 F.3d at 1095.

## IV. DISCUSSION

EduPassion and Jan assert that the court has subject matter jurisdiction over Kazani's complaint under 28 U.S.C. § 1332 because it is an action between citizens of different states in which the amount in controversy is greater than $75,000. Doc. 12. Kazani disagrees. While she does not dispute that the amount in controversy is met, she contends that the parties are not completely diverse. *See* Doc. 15. Kazani argues that "despite the lack of formal transfer of the membership interest she purchased, [Kazani] was an equitable member of EduPassion following her purchase of said interest." Doc. 15 at 4. According to Kazani, this "equitable membership" renders EduPassion a citizen of both Alabama and Florida, destroying complete diversity. Doc. 15 at 7.

The problem for Kazani, of course, is that the complaint does not allege that Jan ever made her a member of the LLC. In fact, it alleges the opposite:

- "Jan refused to amend" the articles of organization with the Secretary of State to reflect that Kazani was now a member of EduPassion. Doc. 1-1 at 7.

- "Kazani persistently requested that Jan execute an assignment of the transferrable interest, or amend the articles of organization with the Secretary of State of Alabama to reflect Kazani's membership in EduPassion . . . ." Doc. 1-1 at 8.

- "Jan repeatedly refused to formally transfer the membership interest in EduPassion purchased by Kazani . . . ." Doc. 1-1 at 8.

- Jan reported "himself to be the only member of EduPassion and utiliz[ed] all tax and credit benefits thereof." Doc. 1-1 at 8.

- "Jan represented to Kazani that he would provide her with the previously requested documentation . . . establishing her membership interest in EduPassion if she would sign the Limited Liability Company Resolution." Doc. 1-18 at 9.

- "Kazani received part of said promised documentation, which showed that she had never formally been recognized as a member of EduPassion and that Jan had represented to the Internal Revenue Service, the Secretary of State of Alabama, and other parties that he was the only member of EduPassion." Doc. 1-1 at 9.

- "EduPassion, by and through Jan as its managing member, breached said contract by failing to transfer and assign said membership interests." Doc. 1-1 at 10.

- "Jan promised that if Kazani signed the Limited Liability Company Resolution, he would provide her with the previously requested documents establishing her membership interest in EduPassion." Doc. 1-1 at 12. But Jan "had no intention of furnishing the documents establishing Kazani's membership interest in EduPassion, as no such documents existed . . . ." Doc. 1-1 at 12.

These allegations align with Kazani's breach of contract claim. If she was a member

8

of EduPassion, she would not have a breach of contract claim since the premise of that claim is Jan's failure "to transfer and assign" her membership interests in EduPassion. Doc. 1-1 at 10.

In an attempt to work around these allegations, Kazani argues that she was an "equitable member" in EduPassion. Kazani does not point to any Alabama law supporting the concept of an equitable membership in an LLC, and the court's own research has not been fruitful. Instead, Alabama Code § 10A-5A-4.01(b) sets out the four ways in which a person may become a member of an LLC after its formation: (1) as provided in the LLC agreement; (2) "as the result of a transaction effective under Article 10 of this chapter or Article 8 of Chapter 1[5]"; (3) with the consent of all members; and (4) as provided in Section 10A-5A-.01(c)(1) or (c)(2).[6]" The complaint does not allege any of these types of transactions occurred.

Kazani's reliance on the Limited Liability Company resolution fares no better. Even if Jan and his family members induced her to "transfer[] her membership" and sign the resolution (Doc. 1-1 at 9), Kazani maintains that Jan never formalized the membership under Alabama law. Doc. 1-1 at 9 (alleging that the documentation "showed that she had never been formally recognized as a member of EduPassion").

---

[5] Both portions of this statute apply to conversions and mergers. *See* Ala. Code §§ 10A-1-8.01–10A-1-8.04 & §§ 10A-5A-10.0–10A-5A-10.10.

[6] These provisions apply when there is no remaining member of an LLC.

In summary then, the complaint establishes that Kazani was not a member of EduPassion under Alabama law. For purposes of jurisdiction, the court must conclude that Jan was the sole member of EduPassion.

Because a limited liability company "is a citizen of any state of which a member of the company is a citizen," *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)), the court concludes that EduPassion and Jan have met their burden of establishing diversity jurisdiction. The court notes, however, that subject matter jurisdiction may be reassessed at any time. *See* Fed. R. Civ. P. 12(h)(3) (stating that a court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction").

## V. CONCLUSION

For these reasons, it is ORDERED as follows:

1.      The Motion to Remand (Doc. 8) is DENIED.

2.      Kazani shall file a response to the motion to dismiss (Doc. 2) on or before **August 22, 2025**. Any reply by Defendants should be filed on or before **August 29, 2025**.

DONE and ORDERED on August 8, 2025.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE